**TENNESSEE PRODUCTS & CHEMICAL CORPORATION, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendants-Appellee.**

No. 14522.

United States Court of Appeals
Sixth Circuit.

Jan. 4, 1962.

As Amended Feb. 12, 1962.

William Waller, Nashville, Tenn., Kenneth L. Roberts, Waller, Davis & Lansden, Nashville, Tenn., on brief, for appellant.

Robert W. Kernan, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, Douglas A. Kahn, Attorneys, Dept. of Justice, Washington,

D. C., Kenneth Harwell, U. S. Atty., Nashville, Tenn., on brief, for appellee.

Before MILLER, Chief Judge, and SIMONS and CECIL, Circuit Judges.

PER CURIAM.

Tennessee Products & Chemical Corporation, plaintiff-appellant, brought an action against United States, in the District Court for the Middle District of Tennessee, to recover approximately $29,-000 for an overpayment of income taxes alleged to have been erroneously and illegally collected from the appellant.

The appellant corporation claimed that its former president, W. J. Cummins, was indebted to it in the amount of about $74,000, growing out of a 1931 agreement or action of the corporation reducing the salary of Mr. Cummins. It is the position of the appellant that this debt became worthless and uncollectible either in the tax year 1942 or in the tax year 1946, and that the corporation was entitled to deduct the amount of the debt from its taxable income for one of those years.

Timely claims for refund were made for each of the tax years in question and upon the government's rejection of the claims, a complaint was filed in the District Court.

The issues were tried to the court and a judgment granted in favor of the United States, defendant-appellee. The trial judge found that there was a condition subsequent as a part of the arrangement for reducing the salary of Mr. Cummins, which became operative in 1940 and extinguished the debt. The substance of this condition was that when business warranted, the lost salary would be paid in cash, or if a debt had resulted by reason of the reduction, it would be cancelled.

The material facts are not in dispute and are set forth in detail in the trial judge's findings of fact, reported at 199 F.Supp. 885. His conclusions of law and memorandum opinion are also reported with the findings of fact

This appeal is from the order of the District Court dismissing the appellant's causes of action.

Upon consideration of the record of proceedings before the District Court, the briefs of the parties and oral arguments of counsel, we are of the opinion that the facts, as found by the trial judge, and the inferences drawn therefrom are correct and not clearly erroneous. The legal conclusions are sound and in accordance with applicable principles of law.

We conclude that judgment for the appellee was warranted upon the findings of fact, conclusions of law and memorandum opinion of the trial judge, and that the judgment of the District Court should be and it is hereby affirmed.